UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JAMES EDWARD MAYEUX, JR.          CIVIL ACTION NO. 6:20-cv-00092

VERSUS                            JUDGE SUMMERHAYS

BARBARA R. MAYEUX, ET AL.         MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court, this Court undertook a *sua sponte* analysis of subject-matter jurisdiction. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

## Background

The plaintiff, James Edward "Jimmy" Mayeux, Jr., filed his original complaint in January 2020, asserting claims against his mother, Barbara Mayeux, his sisters Joey Mayeux Milazzo and Renee Mayeux Bordelon, and his brother, Timothy J. "Timmy" Mayeux.  Jimmy alleged that, while he was incapacitated following a stroke, his mother and siblings forged his signature on various documents, fraudulently executed contracts, converted his property, breached contracts, breached fiduciary duties, and engaged in unfair trade practices.  In the complaint, Jimmy alleged that the court has subject-matter jurisdiction over his

claims because he is an Alabama citizen while the defendants are Louisiana citizens and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Jimmy filed his first amended complaint in November 2020, adding MYU Family, LLC as a defendant and alleging that he, his mother, and his siblings are all members of that company.[1]   In January 2021, Jimmy filed his second amended complaint, which did not add any new defendants.[2]   In June 2021, Jimmy filed his third amended complaint, which added two more defendants:  MYU Flying Service, LLC and Mayeux Flying Service, LLC.[3]

On August 12, 2021, a hearing was held before this Court regarding a motion to dismiss and a motion to compel, both of which were filed by Jimmy.[4]   During the hearing, this Court advised the parties that subject-matter jurisdiction was in doubt. Following the hearing, this Court issued an order requiring the plaintiff to file a brief addressing subject-matter jurisdiction and allowing the defendants an opportunity to respond.  The plaintiff complied with the order and filed a responsive brief.[5]   No brief was filed by the defendants.

---

[1]      Rec. Doc. 18.

[2]      Rec. Doc. 31.

[3]      Rec. Doc. 60.

[4]      Rec. Doc. 90.

[5]      Rec. Doc. 96.

Thereafter, efforts were undertaken to settle the case, and the case was administratively closed for a period of time.  The case was reopened on April 14, 2022,[6] and the issue of subject-matter jurisdiction must now be resolved.

## Law and Analysis

### A.   The Standard for Analyzing Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."[7]  Therefore, any order issued by a federal court lacking subject-matter jurisdiction, except for an order of dismissal or remand, is void.[8]  Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[9] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[10]  A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes

---

[6]      Rec. Doc. 103.

[7]      *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  See, also, *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[8]      *Dahiya v. Talmidge Intern., Ltd.*, 371 F.3d 207, 210 (5th Cir. 2004); *John G. and Marie Stella Kenedy Memorial Foundation v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994); *Shirley v. Maxicare Tex., Inc.*, 921 F.2d 565, 568 (5th Cir. 1991).

[9]      28 U.S.C. § 1331.

[10]     28 U.S.C. § 1332.

otherwise.[11]  Thus, the party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[12]  Federal courts may raise the issue of subject-matter jurisdiction *sua sponte* at any time[13] and must dismiss an action if subject-matter jurisdiction is lacking.[14]

**B.**     **The Parties are Not Diverse in Citizenship**

This lawsuit began in federal court; it was not removed to this forum. Accordingly, the plaintiff in this case has the burden of establishing that the court has subject-matter jurisdiction.  In his original complaint, the plaintiff alleged that the court has subject-matter jurisdiction under the federal diversity statute.  He did not allege any other basis for federal-court jurisdiction in the original complaint, in any amended complaint, or in any other brief or pleading that he subsequently filed. There is no dispute that the amount in controversy in this lawsuit exceeds the statutory minimum.  But the plaintiff has not established that the parties to the suit are diverse in citizenship.

---

[11]     *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).

[12]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co*., 287 F.2d 252, 253 (5th Cir. 1961).

[13]     *McDonal v. Abbott Labs*., 408 F.3d 177, 182 n. 5 (5th Cir. 2005) (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583-84 (1999)).

[14]     Fed. R. Civ. P. 12(h)(3); *Doe v. United States*, 853 F.3d 792, 798 (5th Cir. 2017).

The diversity statute requires "complete diversity" of citizenship, meaning that a district court cannot exercise jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.[15]  This requirement was satisfied at the time the original complaint was filed since it is undisputed that Jimmy is an Alabama citizen while the four original defendants are all Louisiana citizens. However, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."[16]  Therefore, the issue to be resolved is whether diversity was destroyed when Jimmy filed his amended complaints and added three limited liability companies as defendants.

A limited liability company is a citizen of every state in which any member of the company is a citizen,[17] and the citizenship of a limited liability company is determined by the citizenship of all of its members.[18]  Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship

---

[15]     See *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

[16]     *United States ex rel. Branch Consultants v. Allstate Ins. Co*., 560 F.3d 371, 375 n. 5 (5th Cir. 2009) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007)).

[17]     *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[18]     *Seguin v. Remington Arms Company, L.L.C.*, 22 F.4th 492, 494 (5th Cir. 2022); *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf*, 542 F.3d at 1080.

of every member of the company.  If any one of the members is not diverse, the limited liability company is not diverse.

In his first amended complaint, Jimmy added MYU Family, LLC as a defendant.  He alleged that he, his mother, and his siblings are all members of MYU Family, LLC.  Thus, MYU Family, LLC is a citizen of both Louisiana and Alabama – the two states where its members are citizens.  Because Jimmy is an Alabama citizen, he is not diverse in citizenship from MYU Family, LLC, and complete diversity was destroyed when MYU Family, LLC was made a defendant in this lawsuit.  In his jurisdictional brief, however, Jimmy argued that the citizenship of MYU Family, LLC should not be considered in the diversity calculus.  First, he argued that MYU Family LLC's citizenship should be disregarded because it is merely a nominal party.  Second, he argued that his proposed fourth amended complaint would cure any jurisdictional defects.  Third, he argued that his claim against MYU Family, LLC should be severed from the other complaints he asserted. These arguments will be considered in turn.

Jimmy's jurisdictional brief did not address whether the addition of the two flying company defendants destroyed diversity, and this Court is frankly baffled as to why Jimmy ignored these two defendants in his briefing.  In the third amended complaint, which added those parties, Jimmy alleged that both of them are limited liability companies, but he did not identify their members.  "[W]hen a plaintiff

chooses to sue LLC defendants in federal court, he 'must specifically allege the citizenship of every member of every LLC.'"[19]  Because Jimmy did not identify the members of the two companies or allege the citizenship of the companies' members, this Court is unable to determine whether the companies are diverse in citizenship from the plaintiff.  Accordingly, Jimmy has not satisfied his burden of establishing that the court has subject-matter jurisdiction.  Although this Court could end its analysis at this point, the arguments presented by the plaintiff in his jurisdictional brief regarding MYU Family, LLC will be addressed as will the applicability of *Hensgens v. Deere & Co.*, a case not mentioned in Jimmy's jurisdictional briefing.

**A.**   **Whether MYU Family, LLC's Citizenship Should be Disregarded Because it is a Nominal Party**

"In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded."[20]  "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."[21]  When parties exist that are "directly and

---

[19]    *Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 Fed. App'x 329, 332 (5th Cir. 2021) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

[20]    *Grace Ranch, L.L.C. v. BP America Production Company*, 989 F.3d 301, 309 (5th Cir. 2021) (quoting *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) (footnotes omitted)).

[21]    *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

personally concerned in the outcome of the litigation," they must be considered "real parties in interest," as opposed to nominal parties, and analyzed in determining diversity jurisdiction.[22]  Nominal parties, whose citizenship need not be considered, are generally those without a real interest in the litigation.[23]  A party is nominal if a fair and equitable final judgment can be entered without that party in the case.[24] "The question of whether a named defendant is a nominal party depends on the facts in each case."[25]  Practical considerations should be taken into account when determining whether a party is nominal.[26]

Jimmy argued that MYU Family, LLC is a nominal party because the "only perceivable interest of MYU in this case is that a declaratory judgment may reverse a transfer of assets made by the other parties to MYU."[27]  He also argued that MYU is a nominal party because all of its members are already parties to the suit.

---

[22]      *La. Ex. Real. Caldwell v. Allstate Ins. Co*., 536 F.3d 418, 428 (5th Cir. 2008).

[23]      *Wolff v. Wolff*, 768 F.2d at 645.

[24]      *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366-67 (5th Cir. 2006); *Acosta v. Master Maint. & Constr. Inc*., 452 F.3d 373, 379 (5th Cir. 2006).

[25]      *Goodman v. Nationwide Agribusiness Insurance Company*, No. 19-229-SDD-EWD, 2019 WL 5791452 at *3 (M.D. La. Oct 21, 2019), report and recommendation adopted, 2019 WL 5788308 (M.D. La. Nov. 5, 2019) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Intern. Printing Pressmen and Assistants' Union of North America*, 427 F.2d 325, 327 (5th Cir. 1970)).

[26]      *Louisiana v. Union Oil Co. of California*, 458 F.3d at 367.

[27]      Rec. Doc. 96 at 8.

Jimmy cited a decision holding that a limited partnership was a nominal defendant when its partners were named in the suit, allowing the partnership's citizenship to be disregarded.[28]  But the important thing about that decision is that the court found the plaintiff was not seeking relief for injury allegedly suffered by the partnerships themselves, there were no culpable acts attributed to the partnerships themselves, and the plaintiff was not requesting that the partnerships satisfy any potential judgment.[29]  In this case, however, Jimmy is seeking to have the allegedly fraudulent transfer of property to the company reversed.  Thus, in essence, he is seeking to have the company satisfy a potential judgment in his favor.

Jimmy also cited a decision stating that the interest of an LLC is protected when its members are the parties to a suit.[30]  In this case, however, Jimmy is seeking not only to redistribute the assets owned by MYU Family, LLC but is seeking to have it dissolved.  In a case in which a limited liability company owned property and the company's dissolution was the subject of the litigation, the court found it was not a nominal party.  The court said this:

> The LLC owns the land at issue because the land is titled in the name of the LLC.  The relief sought via the adversary proceeding will eviscerate the LLC and divest it of its ownership of the property.  Even

---

[28]  *Mallia v. PaineWebber, Inc.*, 889 F.Supp. 277, 283-84 (S.D.Tex.,1995)

[29]  *Mallia v. PaineWebber, Inc.*, 889 F.Supp. at 283-84.

[30]  *Caytrans Project Services Americas, Ltd. v. BBC Chartering & Logistics GMBH & Co KG*, 861 Fed. App'x 556, 560 (5th Cir. 2021).

> though the LLC owns the property at issue for the members, an LLC is
> not the equivalent of a mere depositary or stakeholder.   Under
> Louisiana law the LLC is a juridical person with a separate legal
> existence from the members who comprise the entity. It is the. . .
> members who are at odds with each other but. . . neither has title to the
> land owned by the LLC.  [The LLC] is a real party in interest to this
> controversy notwithstanding that the entity will be a passive party in
> the case.[31]

The same conclusion was reached when it was determined that the State of Louisiana was a real party in interest rather than a nominal party when it was the fee title owner of Sixteenth Section lands subject to a trespass claim asserted by the Vermilion Parish School Board on behalf of the state.[32]  The decisions in these cases support the proposition that when the ownership of an entity's property is at issue in the lawsuit, the entity itself is not a nominal party.

This case is similar.  Jimmy is seeking to dissolve MYU Family, LLC by nullifying its articles of organization, initial report, and operating agreement[33] and to divest it of the property that he claims was fraudulently transferred to it.[34]

---

[31]    *South Louisiana Ethanol, LLC v. CHS-SLE Land, LLC*, No. 11-2774, 2012 WL 208828, at *2 (E.D .La. Jan. 23, 2012).  See, also, *In re Security First, LLC*, No. 19-660-SDD-SDJ, 2020 WL 5736586, at *3-4 (M.D. La. Aug. 26, 2020), report and recommendation adopted, 2020 WL 5733194 (M.D. La. Sept. 24, 2020), where the court relied upon the quoted language and reached a similar conclusion.

[32]    *Louisiana v. Union Oil Co. of California*, 458 F.3d at 367.

[33]    Rec. Doc. 96 at 6 n. 1.

[34]    Rec. Doc. 96 at 8.

10

Therefore, the company has a substantive interest in this litigation and is not merely a nominal party.

Perhaps most important, Jimmy did not identify a lawsuit in which a plaintiff who filed suit in federal court on the basis of diversity jurisdiction was allowed to add nondiverse but nominal defendants to the litigation later on.  The issue of whether a party is merely nominal and therefore should not be considered in the diversity analysis typically arises when a plaintiff has sued – or has failed to sue – an allegedly nominal party and a defendant who has removed the case to federal court is attempting to establish federal court jurisdiction.  This case is very different because it is the plaintiff who is claiming diversity as the only basis for subject-matter jurisdiction but added an admittedly nondiverse but allegedly nominal party and still maintains that the federal court has subject-matter jurisdiction.

This Court finds that MYU Family, LLC is not a nominal party.  Therefore, the fact that MYU Family, LLC is an Alabama citizen destroys diversity and deprives the court of subject-matter jurisdiction.

## B.   Whether the Proposed Fourth Amended Complaint Would Cure any Jurisdictional Defects

Jimmy filed a motion for leave to file a fourth amended complaint.[35]  If the motion were granted and the proposed fourth amended complaint were allowed,

---

[35]      Rec. Doc. 95.

Jimmy's claim against MYU Family, LLC would be voluntarily dismissed.  In his jurisdictional brief, Jimmy argued that this "would cure any perceived jurisdictional defects."[36]  But Jimmy's argument lacks merit because it disregards two important facts:  (1) the third amended complaint added MYU Flying Service, LLC and Mayeux Flying Service, LLC as defendants and (2) the proposed fourth amended complaint seeks only the voluntary dismissal of MYU Family, LLC.  Therefore, if the fourth amended complaint were allowed, Jimmy's claims against MYU Flying Service, LLC and Mayeux Flying Service, LLC would remain.

As noted previously, the citizenship of a limited liability company is that of each of its members.  In his third amended complaint, however, Jimmy did not identify the members of either flying service.  He also failed to address the citizenship of these entities in his jurisdictional brief.  Therefore, this Court cannot determine whether these defendants are diverse in citizenship from the plaintiff in this lawsuit.  Consequently, the plaintiff has not satisfied his burden of establishing that the parties are diverse in citizenship and that the court consequently has subject-matter jurisdiction.  Allowing the fourth amended complaint would not cure that jurisdictional problem.

---

[36]     Rec. Doc. 96 at 9.

**C.**     **Whether the Claim Against MYU Family, LLC Should be Severed**

Jimmy argued that MYU Family, LLC is not an indispensable party and that his claim against it could therefore be severed from his other claims, curing any jurisdictional issue.  Assuming without deciding that Jimmy is correct and MYU Family, LLC is not a party that is required to be joined in the litigation, this argument lacks merit because severing Jimmy's claim against MYU Family, LLC it would not resolve the jurisdictional issue now before the court.  Jimmy again disregard the fact that he added two other limited liability companies as defendants but failed to show that they are diverse in citizenship.

**D.**     **The Applicability of _Hensgens_**

Courts should freely give leave to amend complaints when justice so requires.[37]  Thus, there is a bias in favor of granting leave to amend[38] but leave to amend is not automatically granted.[39]  "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue

---

[37]     Fed. R. Civ. P. 15(a)(2).

[38]     _Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co._, 195 F.3d 765, 770 (5th Cir. 1999); _Dussouy v. Gulf Coast Inv. Corp._, 660 F.2d 594, 597 (5th Cir. 1981).

[39]     _Jones v. Robinson Prop. Grp., L.P._, 427 F.3d 987, 994 (5th Cir. 2005); _Halbert v. City of Sherman, Tex._, 33 F.3d 526, 529 (5th Cir. 1994).

prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[40]  In *Hensgens v. Deere & Co.*, the Fifth Circuit explained that one important consideration is whether the amendment would destroy diversity.  The court said:

> Complete diversity of citizenship is a statutorily mandated rule that is almost as old as the Republic itself.  Generally, jurisdiction is determined at the time the suit is filed.  So the court would have jurisdiction to decide a case even if the plaintiff failed to prove his federal question claim, or if the amount in controversy falls below the jurisdictional amount, or if one of the parties changes its residency during the pendency of the suit.  However, addition of a nondiverse party will defeat jurisdiction.[41]

In *Hensgens*, the case had been removed from state court and, after removal, the plaintiff amended her complaint to add a nondiverse party.  The court explained that, in such a situation,

> the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added.  If the court grants the joinder, it must. . . remand the case to state court.  If it denies the joinder, it cannot remand.[42]

The court went on to explain that, when deciding whether to allow the joinder of a nondiverse party,

---

[40]     *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[41]     *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180-81 (5th Cir. 1987).

[42]     *Hensgens v. Deere & Co.*, 833 F.2d at 1182 (citations omitted).

14

> the court should consider the extent to which the purpose of the
> amendment is to defeat federal jurisdiction, whether plaintiff has been
> dilatory in asking for amendment, whether plaintiff will be significantly
> injured if amendment is not allowed, and any other factors bearing on
> the equities.[43]

These are the so-called "*Hensgens* factors." After considering these illustrative

factors, the district court

> should then balance the equities and decide whether amendment should
> be permitted. If it permits the amendment of the nondiverse defendant,
> it then must remand to the state court. If the amendment is not allowed,
> the federal court maintains jurisdiction.[44]

In the *Hensgens* case, "the problem of the addition of the nondiverse

defendant was not recognized by the court or the parties, and the addition of [the

new party] as a defendant was permitted as a routine matter."[45] Similarly, in this

case, the parties failed to alert the court of the addition of a nondiverse party, with

the plaintiff filing a motion for leave to amend his complaint and stating that

"Defendants do not oppose the instant motion."[46] Because the defendants consented

to the plaintiff's proposed amendment of the complaint to add a nondiverse party,

---

[43]    *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[44]    *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[45]    *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[46]    Rec. Doc. 16 at 1.

"the Court did not need to conduct an analysis of the *Hensgens* factors"[47] when the proposed amendment was filed.   Furthermore, when a trial court allows the amendment of a complaint to add new defendants, and the plaintiff fails to inform the court that one or more of the new parties will destroy diversity, the trial court may reconsider its earlier decision.[48]   Accordingly, this Court will reconsider its decision to grant leave allowing the amendment of Jimmy's original complaint to add MYU Family, LLC as a defendant in this lawsuit.

The critical difference between *Hensgens* and this case is that *Hensgens* was removed from state court but this case began in federal court.  One Louisiana court has found that the *Hensgens* factors are "more of a forced fit than a workable factor test that matches the circumstances" when the plaintiff's complaint was originally filed in federal court rather than in state court.[49]   Still, some courts in this circuit have found the *Hensgens* factors "instructive"[50] and "the best rubric"[51] for deciding whether to exercise its discretion to add a nondiverse defendant even when the case

---

[47]     *Casey v. B H Management Services Inc.*, No. 5:18-CV-00947, 2021 WL 6077623, at *2 (W.D. La. Apr. 22, 2021).

[48]     *Sam Rayburn Municipal Power Agency v. Gillis*, No. 1:14-CV-202, 2015 WL 410268, at *4 (E.D. Tex. Jan. 30, 2015)

[49]     *Trinidad v. Equilon Enterprises LLC*, No. 20-3100 c/w 20-3126, 2021 WL 5763814, at *3 (E.D. La. Aug. 17, 2021).

[50]     *Sam Rayburn Municipal Power Agency v. Gillis*, 2015 WL 410268, at *4.

[51]     *Sam Rayburn Municipal Power Agency v. Gillis*, 2015 WL 410268, at *4.

16

was originally filed in federal court.[52]  At least one court "perceives no compelling reason why, merely because this case was originally filed in federal court, an amendment that would divest the court of jurisdiction should be treated differently."[53]  This Court agrees.

When diversity is the only basis for the court's subject-matter jurisdiction and a district court permits joinder of a nondiverse defendant following removal, the court must remand the case to state court for lack of subject-matter jurisdiction.[54] That rule is now codified.[55]  This Court is aware of no rational basis for applying a different rule because the plaintiff filed suit in federal court.  In fact, it defies logic for a plaintiff to file suit in federal court alleging that subject-matter jurisdiction exists only under the diversity statute and to then voluntarily add a defendant whose citizenship is not diverse yet argue that the court retains jurisdiction.  This Court therefore finds that *Hensgens* is applicable to this case.

---

[52]     See, also, *Long v. Home Depot Inc.*, No. 1:20-cv-00668-LY-SH, 2021 WL 2418015, at *2 (W.D. Tex. June 14, 2021), report and recommendation adopted, 2021 WL 5195805 (W.D. Tex. July 26, 2021); *Fira v. Chesapeake Operating, L.L.C.*, No. SA-19-CV-0040-OLG, 2020 WL 7635919 (W.D. Tex. June 19, 2020); *Am. Legend Homes v. Navigators Specialty Ins. Co*., No. 4:19-CV-00035, 2019 WL 5721634, at *3 (E.D. Tex. Nov. 5, 2019).

[53]     *Sam Rayburn Municipal Power Agency v. Gillis*, 2015 WL 410268, at *4.

[54]     *Lindsay v. Ford Motor Co*., 41 F.3d 664 (5th Cir. 1994) (per curiam); *Sharp v. Kmart Corp*., 991 F.Supp. 519, 527 (M.D. La. 1998).

[55]     28 U.S.C. § 1447(e)

The first *Hensgens* factor is the extent to which the purpose of the amendment is to defeat federal jurisdiction.  The plaintiff contends that the amendment was not intended to divest the court of jurisdiction.  However, the court must view a delayed request for the addition of a defendant whose identity was known earlier in the case "with much suspicion"[56] because it "suggests an effort to frustrate diversity jurisdiction."[57]  Indeed, "[c]ourts have considered this knowledge very relevant."[58] Since Jimmy is a member of MYU Family, LLC, it would be logical to assume that he knew about its existence before he initiated this lawsuit.  Jimmy contended, however, that he "never agreed to be a member of MYU and did not know that MYU even existed before this litigation."[59]  Assuming that to be true, and in conjunction with the allegations of the mental and physical impairments caused by his stroke, this factor weighs in favor of allowing the amendment.

In analyzing the second *Hensgens* factor, courts examine the amount of time between the initiation of the original state court action and the filing of the motion

---

[56]     *O'Connor v. Automobile Ins. Co. of Hartford Connecticut*, 846 F.Supp. 39, 41 (E.D. Tex. 1994).

[57]     *Cinco Bayous, LLC v. Samson Exploration, LLC*, No.1:19-CV-452,  2020 WL 4922329, at *3 (E.D. Tex. Aug. 20, 2020).

[58]     *Andrews Restoration, Inc. v. National Freight, Inc*., No. 3:15-CV-1336-M, 2015 WL 4629681, at *4 (N.D. Tex. Aug. 4, 2015); see, also, *Anzures v. Prologis Texas I LLC*, 886 F.Supp.2d 555, 564 (W.D. Tex. 2012).

[59]     Rec. Doc. 96 at 6 n. 2.

to amend as well as the amount of time between removal of the case to federal court and the filing of the motion to amend.[60]   In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity beyond the pleading stage has occurred.[61]   The analysis is different, however, when the proposed amendment would add a nondiverse defendant and therefore defeat diversity jurisdiction.  In that situation, a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory.[62]   Jimmy waited ten months after filing suit to seek to amend his complaint to add MYU Family, LLC but his alleged lack of knowledge about the existence of the company combined with the mental and physical challenges resulting from his stroke might excuse the delay.  Therefore, this factor weighs in favor of allowing the amendment or, at worst, is neutral.

---

[60]      *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016).

[61]      *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

[62]      *Phillips v. Delta Air Lines, Inc*., 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001).  See, also, e.g., *Doucet-Speer, APLC v. State Farm Fire and Casualty Company*, No. 20-513-SDD-RLB, 2021 WL 1396470, at *4 (M.D. La. Mar. 10, 2021), report and recommendation adopted, 2021 WL 1395770 (W.D. La. Apr. 13, 2021) (court found delay of five months after the original petition and three months after removal was dilatory); *Thomas v. Great West Casualty Co*., No. 6:18-CV-00586, 2019 WL 3211976, at *4 (W.D. La. June 3, 2019), report and recommendation adopted 2019 WL 3227542 (W.D. La. July 16, 2019) (court found delay of one year after the original petition and eleven months after removal was dilatory).

19

The third factor is whether the plaintiff will be significantly injured if amendment is not allowed.  Jimmy asserted a significant claim against MYU Family, LLC, seeking to divest it of property formerly comprising the estate of estate of the Mayeux siblings' father.  Having found that the company is not a nominal party, the presence of the company in the lawsuit is critical to a full and complete resolution of the issues presented in Jimmy's lawsuit.  Therefore, failing to allow this defendant to be added would be prejudicial to the plaintiff's interest.  This Court is also aware that the plaintiff has filed a similar lawsuit in state court, mitigating any prejudice that might result from the dismissal of this case at this time and allowing all claims to be litigated in one forum.

Finally, this Court should consider any other factors bearing on the equities. No such additional considerations were identified by the parties.

In summary, this Court finds that the potential injury to the plaintiff if his claim against MYU Family, LLC is not maintained outweighs the effect of his delay in asserting that claim.  Accordingly, on reconsideration, this Court finds that Jimmy's motion to amend the original complaint to allow MYU Family, LLC to be added as a defendant should have been granted, but because the addition of that defendant destroyed the court's subject-matter jurisdiction, this lawsuit should have been dismissed at that time.

## **Conclusion**

For the foregoing reasons, this Court finds that the court lacks subject-matter jurisdiction over this action and recommends that the plaintiff's claims should therefore be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[63]

Signed at Lafayette, Louisiana, this 3rd day of June 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[63]     See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

22